DUNIWAY, Circuit Judge
(concurring and dissenting):
I concur in the last two paragraphs of Judge Ferguson’s opinion because I agree that the “error,” if it was error, was harmless.
I do not concur in the balance of the “Discussion” because I regard it as dictum. The claimed error being harmless, we need not decide whether it was error. The decision of that question by the majority is dictum, because it is not necessary to the disposition of the case. See McDaniel v. Sanchez, 1981, 452 U.S. 130, 141, 101 S.Ct. 2224, 2231, 68 L.Ed.2d 724.
As the Supreme Court has recently remarked, in a somewhat different context:
In particular, a court need not determine whether counsel’s performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel’s performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.
Strickland v. Washington, — U.S. — at —, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674.
Our job is not to grade the trial judge’s performance, but to decide the case correctly. We should, in my judgment, avoid unnecessary excursions into the complexities of the law — such as those of the rule against hearsay and its exceptions — whenever we can properly do so. This is such a case. When we conclude, as we do here, that we are going to find an alleged error harmless, we should defer the question of error to another day, when it is necessary for us to face it. When we undertake to decide a question that we do not need to decide, there is always a risk that we will give it less careful consideration than we should. I do not say that my sister and brother have done that here. I do say that we should avoid the risk of doing so.
Except for the ruling that the claimed error was harmless, I dissent. I concur in the result.